UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TYSHON LAWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15-CV-924-CEJ |
| ) | |
| NORFOLK SOUTHERN CORP., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion pursuant to Fed. R. Civ. P. 12(b)(6) for partial dismissal of the first amended complaint for failure to state a claim. Plaintiff has responded, and the issues are fully briefed.

**I.  Background**

Plaintiff, an African-American female over age forty, brings this action under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623 *et seq.*; and the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. §§ 213.055, 213.070. Plaintiff claims that her employment was terminated by defendant because of her age, color, race, and sex and in retaliation for complaining about a racially discriminatory comment made by another employee. Plaintiff also asserts a claim of intentional infliction of emotional distress.

In the amended complaint, plaintiff alleges that on August 22, 2014, she was assigned to drive a van to transport a group of defendant's employees from a hotel to a train terminal yard. One of the employees, a Caucasian male named Kyle Beeker, boarded the front seat and turned off the van's radio. When plaintiff stated

that he could have asked her to turn off the radio, Beeker "became very upset and argumentative." Am. Compl. ¶ 12. Plaintiff telephoned the train master for assistance, but the train master did not respond. When the van arrived at the terminal yard, Beeker exited and commented, "I don't want to ride with your black rump anyway[.]" Id. ¶ 16. Four days later, on August 26, plaintiff's employment was terminated, and she "was told by [defendant's] [s]uperintendent," a Caucasian male, "that she was no longer allowed on the premises." Id. ¶ 17.

On November 18, 2014, plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights (MCHR) that was also presented to the Equal Employment Opportunity Commission (EEOC).[1] [Doc. #24-1] The charge of discrimination form that plaintiff used allowed her to check one or more boxes to indicate the basis of her discrimination claim (*e.g.*, race, color, sex, religion, national origin, retaliation, age, disability, genetic information, or other). Plaintiff checked only the box indicating "race" as the basis for her claim of discrimination. *Id.* In addition, plaintiff described the particulars of her charge as follows:

> I am an African-American who was placed as a van driver[] with [defendant.] . . . I transported [one of defendant's employees] to the Madison [train] terminal[.] . . . [A]s he exited[,] he told me to let him off and said[,] "I don't want to ride with your Black rump." On August 26, 2014[,] I was discharged as the Norfolk Southern Railroad Terminal Superintendent said I was no longer wanted me [sic] on the premises. I believe I was disrespected, harassed, and discharged due to my race. This, I believe, is in violation of Title VII of the Civil Rights Act of 1964, as amended.

*Id.*

---

[1] The charge of discrimination was attached as an exhibit to the memorandum in support of the motion to dismiss. Although it is not part of the complaint, it may be considered by the Court in ruling on the motion to dismiss. *See Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011) (holding that "an EEOC charge is a part of the public record and may be considered on a motion to dismiss" (citation omitted)).

2

In the instant motion, defendant argues that plaintiff's claims of discrimination based on age, color, and sex should be dismissed for failure to exhaust administrative remedies. The defendant further argues that plaintiff's color discrimination claim should be dismissed because plaintiff alleges no facts indicating that her skin color was the cause of her termination.[2]

## II.  Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Scheuer*, 416 U.S. at 236. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see id.* at 563 (stating that the "no set of facts" language in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), "has earned its retirement"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–84 (2009) (holding that the pleading standard set forth

---

[2] The defendant does not seek dismissal of plaintiff's claims of race discrimination, retaliation, and emotional distress.

3

in *Twombly* applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### III. Discussion

"Title VII establishes an administrative procedure which a complaining employee must follow before filing a lawsuit in federal court." *Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 800 (8th Cir. 2011) (quotation marks and citation omitted); *see also Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005) (holding that "[e]xhaustion of administrative remedies is [also] a condition precedent to the filing of an action under the ADEA"). Likewise, under the MHRA, "[t]he filing of an administrative complaint 'is a prerequisite to seeking judicial relief.'" *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 853 (8th Cir. 2012) (quoting *Igoe v. Dep't of Labor & Indus. Relations*, 152 S.W.3d 284, 287 (Mo. 2005) (en banc), and citing Mo. Rev. Stat. § 213.111).

"[T]he complainant must file a charge with respect to each alleged unlawful employment practice. . . . Each discrete act is a different unlawful employment practice for which a separate charge is required." *Id.* at 851 (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)). To determine what federal antidiscrimination law claims a complainant exhausted, a court is to look to the boxes the complainant checked on the charge of discrimination, *see Blakley*, 648 F.3d at 931, and the narrative description of the allegations. *See Tyler v. Univ. of Ark. Bd. of Trustees*, 628 F.3d 980, 989 (8th Cir. 2011). Further, "a plaintiff will be deemed to have exhausted administrative remedies if the allegations of the judicial complaint are like or reasonably related to the administrative charges that were timely brought." *Wedow v. City of Kan. City, Mo.*, 442 F.3d 661, 672 (8th Cir.

4

2006) (quotation marks and citation omitted); *see also Reed v. McDonald's Corp.*, 363 S.W.3d 134, 143–44 (Mo. Ct. App. 2012) (applying the same standard for claims alleged under the MHRA). Although a court should "liberally construe an administrative charge for exhaustion of remedies purposes, . . . there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made." *Sellers v. Deere & Co.*, 791 F.3d 938, 943 (8th Cir. 2015) (quotation marks and citation omitted).

Here, plaintiff did not check the boxes to indicate that she was alleging discrimination on the basis of her age, color, or sex. Her narrative of the events in the charge of discrimination is devoid of any reference to her age, color, or sex, and it does not include any suggestion that her age, color, or sex was a factor in her termination. Further, a claim of discrimination based on age, color, or sex is not "like or reasonably related to" a claim of race discrimination. *Wedow*, 442 F.3d at 672. Therefore, plaintiffs' claims of age, color, and sex discrimination under Title VII, the ADEA, and the MHRA must be dismissed for failure to exhaust administrative remedies.

Even if plaintiff had satisfied the exhaustion requirement for her claim of color discrimination, that claim would still fail. "Color discrimination arises when the particular hue of the plaintiff's skin is the cause of the discrimination, such as in the case where a dark-colored African-American individual is discriminated against in favor of a light-colored African-American individual." *Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 135 (4th Cir. 2002); *see Williams v. Wendler*, 530 F.3d 584, 587 (7th Cir. 2008) (same). As the EEOC has explained, "color discrimination occurs when a person is discriminated against based on the

lightness, darkness, or other color characteristic of the person. Even though race and color clearly overlap, they are not synonymous." U.S. Equal Emp. Opportunity Comm'n, No. 915.003, EEOC Compliance Manual, Section 15: Race and Color Discrimination, at 6 (Apr. 19, 2006), http://www.eeoc.gov/policy/docs/race-color.pdf".

It is evident from the administrative charge and the allegations of the amended complaint that the plaintiff understood the "black rump" comment as a reference to her race. Moreover, the comment was made by another employee of the defendant—not by anyone involved in the termination decision. The hue of plaintiff's skin is not described in the amended complaint nor is it identified as a factor in the defendant's decision to terminate plaintiff's employment. Thus, the amended complaint fails to state a claim of discrimination based on color.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's partial motion to dismiss [Doc. #23] is **granted**.

A separate order of partial dismissal will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 8th day of October, 2015.