UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TYSHON LAWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:15-CV-924-CEJ |
| | ) |
| NORFOLK SOUTHERN CORP., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss this action, pursuant to Fed. R. Civ. P. 37(b)(2), as a sanction for plaintiff's failure to comply with an order compelling her to respond to defendant's discovery requests. Plaintiff, who is *pro se*, has responded in opposition.

On March 21, 2016, the Court granted defendant's motion to compel and ordered plaintiff to answer defendant's first set of interrogatories and to produce all documents responsive to defendant's request for production of documents by April 1, 2016. [Doc. #47] Plaintiff was warned that her failure to comply could result in the imposition of sanctions, including the dismissal of her case. *Id.*

When a plaintiff repeatedly refuses to comply with the rules governing discovery and refuses to comply with a court's orders, dismissal is an appropriate sanction. Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(3); *Clyburn v. Insulite Glass Co.*, No. 4:14-CV-1727-CDP, 2015 WL 4139342, at *1 (E.D. Mo. May 12, 2015); *see Leach v. Waterway Car Wash*, 217 F. App'x 571, 571 (8th Cir. 2007) (holding a *pro se* plaintiff's failure to comply with a court order warranted dismissal as a sanction). Despite the Court's prior admonition and having been afforded ample opportunity to comply, plaintiff has not answered defendant's first set of interrogatories or responded to its request for production of documents.

In response to the motion to dismiss, plaintiff states that she has no documents responsive to defendant's request for production. This claim of lack of documents does not justify plaintiff's failure to execute the authorizations submitted to her by defendant that would allow documents to be obtained from third parties. Likewise, plaintiff's belated suggestion that her former counsel may have responsive documents in her possession is unavailing. Further, neither proffered excuse justifies plaintiff's failure to answer defendant's interrogatories.

Plaintiff's continuing failure to provide discovery, without justification, has impeded the progress of this litigation. The Court's earlier warning that this case could be dismissed has not encouraged plaintiff to cooperate. Therefore, the Court finds it is appropriate to grant defendant's motion and to dismiss this case, without prejudice, as a sanction for failing to comply with an order compelling discovery. *See* Fed. R. Civ. P. 37(b)(2)(A)(v); *Leach*, 217 F. App'x at 571.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for sanctions [Doc. #51] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's request for a hearing [Doc. #53] is **denied**.

A separate order of dismissal will issue.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 11th day of May, 2016.